# EXHIBIT H

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**GEORGE BRINCKU and BRENDA BRINCKU,**

> **Plaintiffs,**

> **v.**                                        **No. 2:11-CV-00338-JES-DNF**

**NATIONAL GYPSUM COMPANY,**

> **Defendant.**

_____

## PLAINTIFFS' AND DEFENDANT'S PROPOSED JURY INSTRUCTIONS

In accordance with Local Rule 5.01(c) and the Court's pretrial orders, Plaintiffs, George and Brenda Brincku ("Plaintiffs") and Defendant, New NGC, Inc., doing business as National Gypsum Company ("National Gypsum") jointly submit proposed jury instructions for the above-captioned matter. The parties have attempted in good faith to reach agreement on requested jury instructions.

The parties submit the following instructions without waiving their pending motions, objections, and responses thereto raised prior to and during the trial of each case. The Parties reserve their respective rights to: (1) supplement or amend these proposed jury instructions for matters arising and evidence adduced or excluded during the trial; (2) respond to jury instructions proposed by an opposing party or the Court; and (3) propose alternatives to any of these instructions at any

1

time.  The proposed instructions submitted herein are based on (1) the Pattern Jury Instructions (Civil Cases) of the United States Court of Appeals for the Eleventh Circuit; (2) Florida Standard Jury Instructions in Civil Cases; (3) the Florida Forms of Jury Instruction; and (4) controlling law.   Any proposed modifications to the standard form instructions are shown in <u>underlined format</u>, as to additions to the form instructions, and ~~strikethrough format~~, as to deletions to the form instructions. Any disputed language in a proposed instruction is shown in ***bold and italicized format***.  To the extent that a party objects to an instruction or particular language therein, the objecting party has concisely noted its objection immediately following the instruction.

PROPOSED JURY INSTRUCTION NO. 1

**Preliminary Instructions Before Trial**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.  The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.**   You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.**   On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully

3

read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

* * * * *

**Notetaking - Permitted.**  If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places - - things that might be difficult to remember.  Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

~~**Notetaking – Not Permitted.** A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.~~

4

~~The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like.  It is requested, however, that Jurors not take notes during the trial.  One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in notetaking and may not wish to do so.~~

* * * * *

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial.

5

I know that many of you use cell phones, smart phones like Blackberries and iPhones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others.  You must not use these tools to communicate electronically with anyone about the case.  You also must not talk to anyone about this case until you are deliberating with your fellow jurors.  You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e mail, instant messages, text messages, text or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, MySpace, LinkedIn, and YouTube.  You must not use any of these devices to conduct independent internet research about this case, the parties, or their lawyers.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.   That is why you are asked to wear your juror tags.  It shows that you are someone who is not to be approached in any way.

Do not read or listen to anything related to this case that is not admitted into evidence.  By that I mean, if there is a newspaper article or radio or television

report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.  Do not do any research on the internet, for example.  You are to decide the case upon the evidence presented at trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone.  On some occasions you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows:  In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements."  The <u>Plaintiffs</u> will then go forward with the calling of witnesses and presentation of evidence during what we call the <u>Plaintiffs</u>' "case in chief."  When the <u>Plaintiffs</u> finish~~es~~ (by announcing "rest"), <u>the Defendant</u> will proceed with witnesses and evidence, after which, within certain limitations, the <u>Plaintiffs</u> may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial.  The <u>Plaintiffs</u> proceed~~s~~ first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the <u>Plaintiffs</u> (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you

8

either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.


**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) Preliminary Instructions Before Trial.

PROPOSED JURY INSTRUCTION NO. 2.

## Consideration Of The Evidence, Duty To Follow Instructions, Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

10

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say are not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2.2.

PROPOSED JURY INSTRUCTION NO. 3

**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 3.

PROPOSED JURY INSTRUCTION NO. 4

**Impeachment Of Witnesses – Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.  You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 4.1

.

13

PROPOSED JURY INSTRUCTION NO. 5

**Expert Witnesses – General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 5.1.

PROPOSED JURY INSTRUCTION NO. 6

**Expert Witnesses**
**When Expert Witness Fees Represent A**
**Significant Portion Of The Witness' Income**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.   Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 5.2.

PROPOSED JURY INSTRUCTION NO. 7

**Burden Of Proof – When There Are Multiple Claims Or When Both Plaintiffs And Defendant ~~Or Third Parties~~ Have Burden Of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 6.2.

16

## PROPOSED JURY INSTRUCTION NO. 8

### Negligence
### Comparative Negligence Defense

In this case the Plaintiffs claim that the Defendant was negligent and that such negligence was a legal cause of damage sustained by the Plaintiffs. Specifically, the Plaintiffs allege that the Defendant <u>was negligent in manufacturing drywall products that were defective, meaning they were not reasonably safe for use.</u>

In order to prevail on this claim the Plaintiffs must prove both of the following facts by a preponderance of the evidence:

<u>First:</u>   That the Defendant was "negligent;" and

<u>Second:</u>  That such negligence was a "legal cause"

of damage sustained by the Plaintiffs.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

"Negligence" is the failure to use reasonable care <u>that results is the sale of a product that is not reasonably safe for use.</u>[1] Reasonable care is that degree of care

---

[1]      *Indem Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 344 F.3d 1136, 1146 (11th Cir. 2003) (per curiam) ("Under Florida law, the elements of a cause of action for negligence in a products liability case are the following: (1) the manufacturer must have a legal duty to design and *manufacture a product reasonably safe for use*; (2) the manufacturer must fail to comply with that duty; (3) the plaintiff must have an injury that is legally caused by the manufacturer's breach of duty; and (4) the plaintiff must have suffered damages.") (emphasis added); *Cannioto v. Louisville Ladder, Inc.*, No. 8:09-CV-1892-T-30TBM, 2011 WL 2014260, at *5 (M.D. Fla. May 20, 2011) *aff'd*, 449 F. App'x 797 (11th Cir. 2011) (" Florida law is clear that a plaintiff in a product liability case must prove a defect in the product that allegedly caused the injury."); *Citizens Prop. Ins. Corp. v. Simkar LLC*, 813 F. Supp. 2d 1356, 1362 (M.D.

17

that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.    [*__So, in determining whether defendant National Gypsum was negligent, you must consider whether defendant National Gypsum did something a reasonable manufacturer would not have done or failed to do something a reasonable manufacturer would have done under the same circumstances.__*"[2]    *"__A person is liable for negligence only if the injuries were reasonably foreseeable. That is, a person has a duty to exercise reasonable care to avoid foreseeable injuries to another. 'Foreseeability' means that an injury is the natural and expected result of an act.__*"[3]    *"__An injury is__*

---

Fla. 2011)  ("To prevail in a products liability case under Florida law for either negligence or strict liability, Plaintiff must establish a defect in the subject product."); *Humphreys v. Gen. Motors Corp.*, 839 F. Supp. 822, 829 (N.D. Fla. 1993) aff'd, 47 F.3d 430 (11th Cir. 1995) ("[W]ithout any proof of a defect, Defendant cannot be said to have breached any duty towards Plaintiffs."); *Marzullo v. Crosman Corp.*, 289 F. Supp. 2d 1337, 1342 (M.D. Fla. 2003) ("In the context of products liability, the basic elements of a negligence cause of action apply: (1) duty of care toward the plaintiff; (2) breach of that duty (or negligence); (3) proximate cause. The plaintiff also must establish that the product was defective or unreasonably dangerous.") (citation omitted); *Siemens Energy & Automation, Inc. v. Medina*, 719 So. 2d 312, 315 (Fla. Dist. Ct. App. 1998) (holding that "[b]ecause the jury found in its verdict that Siemens did not manufacture a defective product, this precluded any findings of strict liability or negligence based on a defective product").

[2]    *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir.2000) (approving this instruction)

[3]    2-50 *Florida Forms of Jury Instruction* § 50.114 (Foreseeability of Injury in General); *id.* at Note on Use of Instruction ("This instruction may be requested when the foreseeability of an injury has been specifically contested at trial."); *McCain v. Florida Power Corp.*, 593 So. 2d 500 (Fla. 1992).

*__foreseeable if a reasonable and prudent person would expect it to result under like circumstances__.*"[4]]  [Plaintiffs object to this language]

"To establish causation sufficient for a negligence claim in a products liability case [such as this one], the plaintiff[s] must prove by a preponderance of the evidence that [their damages were] proximately caused by the manufacturer's breach of its duty to produce a product reasonably safe for use."[5] In other words, negligence is a "*__proximate__*, or "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the ~~loss, injury or~~ damage would not have occurred. [*__A mere possibility of that the Defendant's alleged negligence was a legal cause of Plaintiffs' alleged damages is not enough; instead Plaintiffs must show that it is "more likely than not" that the Defendant's alleged__*

---

[4]      2-50 *Florida Forms of Jury Instruction* § 50.115 (Reasonable Person Standard); *id.* at Note on Use of Instruction ("If an instruction defining foreseeability is used, this instruction should follow it to inform the jury of the standard of care to be applied.").

[5]      *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1295 (11th Cir. 2005) (applying Florida law); *Indem. Ins. Co. of N. Am. v. Am. Aviation Inc.*, 344 F.3d 1136, 1146 (11th Cir.2003) (per curiam) (applying Florida law); *City of St. Petersburg v. Total Containment, Inc.*, 265 F.R.D. 630, 637 (S.D.Fla.,2010) ("To establish causation sufficient for a negligence claim in a products liability case, the plaintiff must prove by a preponderance of the evidence that his injury was proximately caused by the manufacturer's breach of its duty to produce a product reasonably safe for use.").

___negligence was a legal cause of the alleged damages___.][6]   [Plaintiffs object to this

language]

[___In the context of legal cause, "foreseeability" means that a reasonable___

___person would expect that a dangerous condition created by a person would likely___

___lead to some injury. An injury is a foreseeable result of negligent conduct if the___

___injury results in an ordinary, natural, and logical sequence from the negligent___

___conduct. An injury may be reasonably foreseeable even though a person could___

___not have known the exact series of events that would lead to the injury or the___

___exact nature and extent of the injury. All that is necessary is that the person be___

___able to see that some injury will likely result in some manner as a consequence of___

___his or her negligent acts___."[7]]   [Plaintiffs object to this language.]

[___Negligence may be a legal cause of damage even though it operates in___

___combination with the act of another, some natural cause, or some other cause if such___

___other cause occurs at the same time as the negligence and if the negligence___

---

[6]       *Guinn v. AstraZeneca Pharms. LP*, 602 F.3d 1245, 1256 (C.A.11 (Fla.),2010) (Under Florida law, a plaintiff: must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough"); *Gooding v. Univ. Hosp. Building, Inc.*, 445 So.2d 1015, 1018 (1984) (same); *Christopher v. Cutter Labs.*, 53 F.3d 1184, 1191 (11th Cir. 1995) (same).

[7]       2-50 *Florida Forms of Jury Instruction* § 50.116 (Foreseeable Cause); *id.* at Note on Use of Instruction ("Either party may request this instruction for purposes of defining foreseeability in relation to causation."); *McCain v. Florida Power Corp.*, 593 So. 2d 500 (Fla. 1992); *Stazenski v. Tennant Co.*, 617 So. 2d 344 (Fla. 1st DCA 1993); *Stahl v. Metropolitan Dade County*, 438 So. 2d 14 (Fla. 3d DCA 1983); *Stevens v. Jefferson*, 436 So. 2d 33 (Fla. 1983); *Crislip v. Holland*, 401 So. 2d 1115 (Fla. 4th DCA 1981) , review denied, 411 So. 2d 380(Fla.)

*contributes substantially to producing such damage*.] [Defendant objects to this language.]

If a preponderance of the evidence does not support the Plaintiffs' claim, then your verdict should be for the Defendant. If, however, a preponderance of the evidence does support the Plaintiffs' claim, you will then consider the defense raised by the Defendant.

The Defendant contends that the Plaintiffs were also negligent and that such negligence was a legal cause of the Plaintiffs' own injury. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish:

First:   That the Plaintiffs were also "negligent;" and

Second:   That such negligence was a "legal cause" of the Plaintiffs' own damage.

[*Florida Administrative Code Section 62-555(5) requires applicants for construction permits for water wells to "provide aeration or other appropriate treatment of the water from the . . . well to remove total sulfide as necessary" and to below 0.3 milligrams / liter of water.   Violation of this regulation is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that the Plaintiffs violated this regulation, you may consider that fact,*

21

***together with the other facts and circumstances, in deciding whether the Plaintiffs were negligent.***[8]] [Plaintiffs object to this language]

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

## Florida Law

Finding in favor of the Defendant on this defense will not prevent recovery by the Plaintiffs, it will only reduce the amount of the Plaintiffs' recovery. In other words, if you find that the accident was due partly to the fault of the Plaintiffs - - that the Plaintiffs' own negligence was, for example, 50% responsible for the Plaintiffs' own damage - - then you would fill in that percentage as your finding on the special verdict form that I will explain in a moment. Such a finding would not prevent the Plaintiffs from recovering; the Court will merely reduce the Plaintiffs' total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Plaintiffs were negligent, you might find 1% or 99%.

## ~~Georgia Law~~

~~Finding in favor of the Defendant on this defense will not necessarily prevent recovery by the Plaintiff, it may only reduce the amount of the Plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of~~

---

[8]     Florida Standard Civil Jury Instruction 401.9.

~~the Plaintiff -- that the Plaintiff's own negligence was, for example, 25%~~
~~responsible for the Plaintiff's own damage -- then you would fill in that percentage as~~
~~your finding on the special verdict form I will explain in a moment. Such a finding~~
~~would not prevent the Plaintiff from recovering; the Court will merely reduce the~~
~~Plaintiff's total damages by the percentage that you insert.~~

~~On the other hand, if you find that the Plaintiff's negligence equaled or~~
~~exceeded the Defendant's negligence, then the Plaintiff cannot recover at all. In~~
~~other words, if you find that the Plaintiff was responsible for 50% or more of the~~
~~damages, then you have found that the Plaintiff's negligence equaled or~~
~~exceeded the Defendant's negligence, in which case the Plaintiff is barred from~~
~~recovery.~~

**Return To General Charge**

["***If your verdict is for (defendant), you will not consider the matter of damages***."][9]  [Plaintiffs object to this language.] If the evidence proves negligence on the part of the Defendant that was a legal cause of damage to the Plaintiffs, you should award the Plaintiffs an amount of money that will fairly and adequately compensate the Plaintiffs for such damage.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs'

---

[9]   Florida Standard Jury Instructions in Civil Cases No. 501.1(c).

damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. [***Similarly, an award of compensatory damages may not bestow a windfall on plaintiffs, that is, compensatory damages may not place Plaintiffs in a better position than they would have been if the alleged damage to the house had not occurred.***[10]] [Plaintiffs object to this language.]  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

~~On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury — tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.~~

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)   Cost to repair the house at issue [***; or***

***(b)   Diminution in the value of the property***[11] [Defendant objects to this language.]

----

[10]   *MCI Worldcom Network Servs., Inc. v. Mastec, Inc.*, 995 So.2d 221, 224 (Fla. 2008) ("[T]he purpose of compensatory damages is to compensate, not to punish defendants or bestow a windfall on plaintiffs.")

[11]   *Santa Rosa Golf Associates, Inc. v. Haraway*, 998 So. 2d 1166, 1167 (Fla. 1st DCA 2008).

**(c)    Damages for Plaintiffs' temporary loss of use, annoyance, discomfort, or inconvenience caused by their exposure to Defendant's drywall.]**[12] [Defendant objects to this language.]

> (a)    ~~Medical and hospital expenses, past and future~~
>
> (b)    ~~Mental or physical pain and anguish, past and future~~
> (c)    ~~Net lost wages and benefits to the date of trial~~
>
> (d)    ~~Net lost wages and benefits in the future [reduced to present value]~~

[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiffs failed to seek out or take advantage of an ~~business or employment~~ opportunity to avoid or lessen their damages that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs' damages by the amount that could have been reasonably realized if the Plaintiffs had taken advantage of such opportunity.]

---

[12]    *Exxon v. Dunn*, 474 S.2d 1269 (1st DCA, 1985).

25

**Authority** – Eleventh Circuit Pattern Jury Instructions (State Claims Instructions) 1.1.

**Defendant's First Objection**: National Gypsum objections to the following language, which addresses a scenario, unlike here, involving independent concurrent causes of the alleged damages: "Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage." In *Stahl v. Metropolitan Dade County*, 438 So.2d 14, 19 (Fla. 3d DCA 1983), the court held that the "substantial factor" test applies "only in those concurring cause cases where each of the said concurring causes could have alone produced the plaintiff's injury." There is no evidence to support that notion that National Gypsum drywall could have contributed at all produced Plaintiffs' alleged damages, let alone "could have alone produced them." Therefore, this instruction is unwarranted pursuant to *Stahl*.

**Defendant's Second Objection**: National Gypsum objects inclusion of diminution in value damages and damages for cost of repair to the house at issue. "If the cost of repairs or restoration is less than the diminution in value, then the law requires that damages be measured by the costs of repairs or restoration." *Santa Rosa Golf Associates, Inc. v. Haraway*, 998 So.2d 1166, 1167 (Fla. App. 1 Dist. 2008). Otherwise, Plaintiffs would get a windfall.

**Defendant's Third Objection**: National Gypsum objects to Plaintiffs' request for an instruction on "Damages for Plaintiffs' annoyance, discomfort, or inconvenience caused by their exposure to Defendant's drywall." Such damages might be recoverable only if Plaintiffs had a viable nuisance claim. Under Florida law, however, there is not "any legal authority supporting a cause of action based on nuisance against the manufacturer of a product." *Penelas v. Arms Technology, Inc.*, No. 99-1941 CA-06, 1999 WL 1204353, at * 4 (Fla. Cir. Ct. Dec. 13, 1999) (citations omitted).

PROPOSED JURY INSTRUCTION NO. 9

**Products Liability (Against Manufacturer)
Comparative Negligence Defense**

In this case the Plaintiffs claim damages for ~~personal injuries~~ property damage alleged to have been caused by a defective condition in the drywall products used by Plaintiffs.

In order to recover on this claim the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:        That the Defendant manufactured and sold the product being used by the Plaintiffs at the time of the accident involved in this case;

Second:        That, at the time of such manufacture and sale, the product was in a defective condition making it unreasonably dangerous to the user;

Third: That the product was expected to and did in fact reach the Plaintiffs, and was thereafter operated up to the time of the accident without substantial change in its condition as of the time the Defendant sold it; and

Fourth:        That the defective condition in the product was a "legal cause" of the injury complained of by the Plaintiffs.

27

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

Thus, in cases involving allegedly defective, unreasonably dangerous products, the Defendant may be liable even though you may find that the Defendant was not negligent and exercised all reasonable care in the ~~design,~~ manufacture and sale of the product in question.

~~On the other hand, any failure of a manufacturer of a product to adopt the most modern, or even a better safeguard, does not make the manufacturer legally liable to a person injured by that product. The manufacturer does not guarantee that no one will get hurt in using its product, and a product is not defective or unreasonably dangerous merely because it is possible to be injured while using it. There is no duty upon the manufacturer to produce a product that is "accident proof." What the manufacturer is required to do is to make a product that is free from defective and unreasonably dangerous conditions~~.

A product is in a defective condition, unreasonably dangerous to the user, when it has a propensity or tendency for causing physical harm beyond that which would be contemplated by the ordinary user, having ordinary knowledge of the product's characteristics commonly known to the foreseeable class of persons who would normally use the product.

28

[*Also, a product is defective if it is unreasonably dangerous when used as intended and is marketed without a warning, unless the danger is open and obvious or is otherwise known to the Plaintiff. In order to establish a manufacturer's liability for failure to warn, Plaintiff must prove:*

> **First:**  *That the manufacturer knew or had reason to know the product was or was likely to be unreasonably dangerous in the use for which it was made;*
>
> **Second:** *That the danger was not open and obvious;*
>
> **Third:** *That the manufacturer failed to exercise reasonable care to warn consumers of its dangerous condition or the facts that made it dangerous; and*
>
> **Fourth:**  *That the failure to warn was a "legal cause" of the injury complained of by the Plaintiff.*

[*In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.*] [Defendant objects to this language].

With regard to the issue of "legal cause," a defective condition is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury, so that it can reasonably be said that, except for the defective condition, the injury complained of would not have occurred.

***A defective condition may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the defective condition contributes substantially to producing such damage***. [Defendant objects to this language]

If you find that a preponderance of the evidence does support the claim of the Plaintiffs, you must then consider the defense raised by the Defendant.

The Defendant contends that the Plaintiffs were negligent and that such negligence was a contributing legal cause of the Plaintiffs' own ~~injury~~ damages. Specifically, the Defendant alleges that the Plaintiffs failed to reasonably maintain the aerator for their well water. This is a defensive claim and the burden of proving that claim, by a preponderance of the evidence, is upon the Defendant who must establish:

> First:   That the Plaintiffs were "negligent" as claimed by the Defendant; and
>
> Second:   That Plaintiffs' negligence was a "legal cause" of the Plaintiffs' own damages.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

30

As noted, "Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

The definition and explanation given a moment ago concerning the term "legal cause" also applies with regard to that requirement of the Defendant's contributory negligence defense.

Finding in favor of the Defendant on the defense of contributory negligence will not prevent recovery by the Plaintiffs, it will only reduce the amount of the Plaintiffs' recovery. In other words, if you find that the accident was due partly to the fault of the Plaintiffs, that the Plaintiffs' own negligence was, for example, 25% responsible for the Plaintiffs' own damage, then you would fill in that percentage as your finding on the special verdict form. Such a finding would not prevent the Plaintiffs from recovering; the Court will merely reduce the Plaintiffs' total damages by the percentage that you insert. Of course, by using the number 25% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Plaintiffs was negligent, you might find 1% or 99%.

31

["***If your verdict is for (defendant), you will not consider the matter of damages***."][13]   [Plaintiffs object to this language.]   If the evidence establishes a defect in the Defendant's product that was a legal cause of damage to the Plaintiffs, you should award the Plaintiffs an amount of money that will fairly and adequately compensate the Plaintiffs for such damage.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury — tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.]

---

[13]   Florida Standard Jury Instructions in Civil Cases No. 501.1(c).

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)   Cost to repair the house at issue [*; or*

**(b)   Diminution in the value of the property**[14] [Defendant objects to this language.]

**(c)   Damages for Plaintiffs' annoyance, discomfort, or inconvenience caused by their exposure to Defendant's drywall.**][15] [Defendant objects to this language.]

~~Medical and hospital expenses, past and future~~

~~(a)   Mental or physical pain and anguish, past and future~~

~~(b)   Net lost wages and benefits to the date of trial~~

~~(c)   Net lost wages and benefits in the future [reduced to present value]~~

[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

---

[14]   *Santa Rosa Golf Associates, Inc. v. Haraway*, 998 So. 2d 1166, 1167 (Fla. 1st DCA 2008).
[15]   *Exxon v. Dunn*, 474 S.2d 1269 (1st DCA, 1985).

So, if you should find from a preponderance of the evidence that the Plaintiffs failed to seek out or take advantage of an ~~business or employment~~ opportunity <u>to avoid or lessen their damages</u> that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs' damages by the amount that could have been reasonably realized if the Plaintiffs had taken advantage of such opportunity.]

**Authority** – Eleventh Circuit Pattern Jury Instructions (State Claims Instructions) 2.2.

***Defendants' First Objection***: National Gypsum objections to the following language, which addresses a scenario, unlike here, involving independent concurrent causes of the alleged damages: "A defective condition may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the defective condition contributes substantially to producing such damage."  In *Stahl v. Metropolitan Dade County*, 438 So.2d 14, 19 (Fla. 3d DCA 1983), the court held that the "substantial factor" test applies "only in those concurring cause cases where each of the said concurring causes could have alone produced the plaintiff's injury."  There is no evidence to support that notion that National Gypsum drywall could have contributed at all produced plaintiffs' alleged damages, let alone "could have alone produced them." Therefore, this instruction is unwarranted pursuant to *Stahl*.

***Defendant's Second Objection***: National Gypsum objects inclusion of diminution in value damages and damages for cost of repair to the house at issue.  "If the cost of repairs or restoration is less than the diminution in value, then the law requires that damages be measured by the costs of repairs or restoration."  *Santa Rosa Golf Associates, Inc. v. Haraway*, 998 So.2d 1166, 1167 (Fla. App. 1 Dist. 2008). Otherwise, Plaintiffs would get a windfall.

***Defendant's Third Objection***: National Gypsum objects to Plaintiffs' request for an instruction on "Damages for Plaintiffs' annoyance, discomfort, or inconvenience caused by their exposure to Defendant's drywall."  Such damages might be recoverable only if Plaintiffs had a viable nuisance claim.  Under Florida law, however, there is not "any legal authority supporting a cause of action based on nuisance against the manufacturer of a product."  *Penelas v. Arms Technology, Inc.*, No. 99-1941 CA-06, 1999 WL 1204353, at * 4 (Fla. Cir. Ct. Dec. 13, 1999) (citations omitted).

PROPOSED JURY INSTRUCTION NO. 10

*Nuisance*

*Nuisance occurs when a person or entity intentionally or negligently invades the property interest of another or who uses his/her own property in a manner that annoys or disturbs the free use, possession, or enjoyment of the property of another, or that causes invasion of the property of another than renders its ordinary use of occupation physically disagreeable.*

*Plaintiff in this case claims that Defendant's drywall has created a nuisance that has interfered with the health, comfort, safety or property rights of Plaintiffs. Plaintiffs claim that he/she have suffered economic injury as a result of this nuisance, and seeks to recover damages from Defendant for that injury.*

*Measure of damages for injury to property*

*If you find for the Plaintiffs, you should award an amount of money that the greater weight of the evidence shows will fairly and adequately compensate plaintiff for damage to plaintiff's property. In determining damages, you shall consider the following elements: If you find the injury to Plaintiffs property is permanent, Plaintiffs are entitled to the lesser of either: (1) the diminution in the market value of Plaintiffs' property, or (2) the reasonable cost of rehabilitation or restoration of the property. The diminution in market value is the difference*

36

*between the fair market value of the property immediately before and immediately after the damage caused by the Defendant.*

*In addition to the foregoing, you should also take into consideration any loss sustained by the plaintiff for the temporary loss of use of Plaintiffs' property during the period of time reasonably required for its restoration or replacement. If you find that the injury to Plaintiffs' property is temporary, Plaintiffs are entitled to the reasonable costs [to abate the damage] [restore the property] plus the value of the loss of use of Plaintiffs' property for the duration of the damage. Property damage is temporary if it is feasible to repair or restore the property to its previous condition immediately prior to the damage at a reasonable expense, and if the cost of repair or restoration can be established with reasonable certainty. However, if the cost of repair or restoration is unreasonable or exceeds the value of the property immediately before the injury occurred, then the damage will be considered permanent.[16]*

---

[16] *Authority: Davey Compressor Co. v. Delray Beach, 613 So.2d 60 (Fla. 4th DCA), aff'd, 639 So. 2d 595 (Fla. 1994); but compare, Standard Oil Co. v. Dunagan, 171 So.2d 622 (Fla. 3d DCA 1965) and Crown Cork & Seal Co. v. Vroom, 480 So.2d 108 (Fla. 2d DCA 1985); see also, Nitram Chemicals, Inc. v. Parker, 200 So.2d 220 (Fla. 2d DCA 1967); Exxon Corp. of U.S.A. v. Dunn, 474 So.2d 1269 (Fla. 1st DCA 1985), Clark v. J.W. Conner & Sons,*

## *Special Damages*

*In addition to compensatory damages, Plaintiffs in a nuisance action may recover compensation for whatever special or incidental damages he or she is able to show. These special damages may be based on annoyance, discomfort, inconvenience, or sickness.   Therefore, if you find that Defendant has created or maintained a nuisance that has resulted in injury to Plaintiffs, you may find that Plaintiffs may recover compensation from Defendant for special damages if Plaintiffs show that he or she has suffered annoyance, inconvenience, or sickness as a result of the nuisance*. [17]

**Defendant's Objection**: National Gypsum objects to Plaintiffs' request for any instruction on Nuisance.  Under Florida law, there is not "any legal authority supporting a cause of action based on nuisance against the manufacturer of a product." *Penelas v. Arms Technology, Inc.*, No. 99-1941 CA-06, 1999 WL 1204353, at * 4 (Fla. Cir. Ct. Dec. 13, 1999) (citations omitted).   If Plaintiffs are ultimately deemed entitled to a jury instruction on a nuisance claim, Defendant reserves the right to propose alternative language for such an instruction, including any and all defenses thereto.

---

*Inc., 441 So.2d 674 (Fla. 2d DCA 1983); Antun Inv. Corp. v. Ergas, 549 So.2d 706 (Fla. 3d DCA 1989).*

[17] Nitram Chemicals, Inc. v. Parker 200 So.2d 220, 225 -226 (Fla.App. 1967); McCormick, Damages 504 (1935); Oleck, Damages to Persons and Property s 214 (1961); 66 C.J.S. Nuisances s 175 (1950).

PROPOSED JURY INSTRUCTION NO. 11

**Duty To Deliberate – When Only The Plaintiffs Claim Damages**

Of course, the fact that I have given you instructions concerning the issue of the Brinckus' damages should not be interpreted in any way as an indication that I believe that the Brinckus should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 7.1.

39

PROPOSED JURY INSTRUCTION NO. 12

**Election Of Foreperson, Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.  <u>It has a series of questions for you to answer.</u>  [Explain verdict] You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

<u>Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.</u>

40

**Authority** – Eleventh Circuit Pattern Jury Instructions (Civil Cases) 8.