## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**GEORGE BRINCKU and BRENDA BRINCKU,**

       **Plaintiffs,**

  **v.**                           **No. 2:11-cv-00338-JES-SPC**

**NATIONAL GYPSUM COMPANY, a Delaware Corporation,**

       **Defendant.**

---

### DEFENDANT NEW NGC, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EXPERT OPINION TESTIMONY OF TAGE C.G. CARLSON, MICHAEL KANUIGA, AND/OR JASON BABCOCK

Defendant New NGC, Inc., doing business as National Gypsum Company ("National Gypsum"), hereby opposes Plaintiffs' Motion *in Limine* to Exclude Expert Opinion Testimony of Tage C.G. Carlson, Michael Kanuiga, and/or Jason Babcock (Doc. No. 211).

The only basis for Plaintiffs' Motion is a false statement of fact (at p. 2 of their Motion) that "Defendant did not serve Plaintiffs with Fed. R. Civ. P. 26 expert witness reports for Dr. Carlson, Mr. Kanuiga, and Mr. Babcock."

Contrary to Plaintiffs' misrepresentation, on January 3, 2012 Plaintiffs' counsel of record were in fact served with the Rule 26(a)(2) expert report of Dr. Carlson, Mr. Kanuiga, and Mr. Babcock of Packer Engineering Inc. (the "Packer Report"), exactly thirty days before any expert depositions in this case were taken, and exactly fifty-seven days before the February 29, 2012 deadline for completion of expert depositions in this case.  A true and correct copy of the Packer Report is attached hereto as Exhibit 1.  Attached hereto as Exhibit 2 is a true and correct copy of the January 3, 2012 electronic mail from the undersigned transmitting the Packer Report to

Plaintiffs' counsel of record in this case (along with Plaintiffs' counsel not of record):  Robert Gary, Esq., Brian Warwick, Esq., Gregory Weiss, Esq., Jori Naegele, Esq., and Theodore Leopold, Esq.

Moreover, on January 10, 2012 the undersigned sent an electronic mail communication to Plaintiffs' counsel of record, Brian Warwick, Esq., proposing a schedule for National Gypsum's "expert depositions," specifically including Packer Engineering, and inviting Plaintiffs' counsel to depose a representative of Packer Engineering concerning the Packer Report, which was produced to Plaintiffs' counsel on January 3, 2012.  A true and correct copy of this written communication is attached hereto as Exhibit 3.   Plaintiffs never acted on this invitation to depose any representative(s) of Packer Engineering during the ensuing two-month window of opportunity that they had to do so.

The Packer Report contains the following opinion and also sets forth the reasons for reaching the opinion and the data, information and references relied upon by Packer Engineering in forming the opinion:

> Based on the results of these analyses it is Packer's opinion that the wallboard samples taken from the Brincku home are consistent with what would be expected for typical wallboard manufactured domestically. Further, it is also Packer's opinion based on the absence of elemental sulfur in the gypsum core and the fact that no sulfur was deposited on the copper coupons in the jar tests, that none of the samples from the Brincku home could have caused the negative characteristics (i.e. blackening of copper) which were observed in the Brincku home.

Ex. 1, Packer Rep. at 9.  Plaintiffs have now been in possession of the Packer Report for four months, and the instant Motion is the first time they have ever raised an objection to trial testimony from any representative of Packer Engineering.  Moreover, Plaintiffs' counsel of record has been in possession of the raw testing data and information underlying the Packer Report since April 2009.  True and correct copies of the communications transmitting this data

and information are attached hereto as Exhibit 4.  Indeed, Plaintiffs filed a motion with this Court on August 10, 2011 (Doc. No. 145) that attached Packer's data and findings as Exhibit 1. Plaintiffs themselves were present in their house during Packer Engineering's onsite inspection of their property that is at issue in this case.  *See* G. Brincku Dep. (App. 88 at 138:22-139:4) ("A. Well, I told National Gypsum about it, they came out for seven days, and they brought their engineers, Packer Engineering, and they searched through every single piece of drywall in that house. Q.  Okay.    A.  They cut places where I wouldn't even think of cutting, but they – we're cutting here.  I'm like, okay, great.").[1]  Plaintiffs' expert Zdenek Hejzlar testified under oath that he received "splits" of samples taken from Plaintiffs' house by Packer Engineering's representatives.  Hejzlar Dep. (App. 10 at 170:10-12) ("[A]t that time I had Packer Engineering did [sic] a study and took a lot of samples, and I got split samples from that study.").  Moreover, the Packer Report is expressly relied on and discussed in detail in the expert report of Mark Cramer (App. 25 at 58).

Under all of these circumstances, it strains credulity for Plaintiffs to file the instant Motion.  Plaintiffs have established a pattern and practice in this litigation of seeking to capitalize on their own discovery violations and inertia, as well as on clear misrepresentations of the record.  The instant Motion is yet another example of this and should be denied.

---

[1]    References herein to the Appendix or "App." refer to the Appendix Volumes I–V to the March 16, 2012 Dispositive Motions of Defendant National Gypsum Company.

Dated: May 14, 2012                                   Respectfully submitted,


                                                      /s/ Thomas V. Ayala
                                                      Christopher J.M. Collings,
                                                      Fla. Bar No. 184403
                                                      MORGAN, LEWIS & BOCKIUS LLP
                                                      200 South Biscayne Boulevard
                                                      Suite 5300
                                                      Miami, FL  33131-2339
                                                      Telephone:     305.415.3000 (Phone)
                                                      Facsimile:      305.415.3001 (Fax)
                                                      E-mail: ccollings@morganlewis.com

                                                      James D. Pagliaro (admitted pro hac vice)
                                                      Thomas J. Sullivan (admitted pro hac vice)
                                                      Thomas V. Ayala (admitted pro hac vice)
                                                      MORGAN, LEWIS & BOCKIUS LLP
                                                      1701 Market Street
                                                      Philadelphia, PA 19103
                                                      (215) 963-5000 (Phone)
                                                      (215) 963-5001 (Fax)
                                                      jpagliaro@morganlewis.com
                                                      tsullivan@morganlewis.com
                                                      tayala@morganlewis.com

                                                      *Counsel for National Gypsum Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 14, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which in turn sent a notice of electronic filing to **Brian W. Warwick**: bwarwick@varnellandwarwick.com, Varnell & Warwick, PA, 20 LaGrande Blvd., The Villages, FL 32159-2384; **Jack Landskroner**: jack@lgmlegal.com, Landye Bennett Blumstein, LLP Suite 3500, 1300 SW 5th Ave , Portland, OR 97201; **Gregory Scott Weiss**: gweiss@leopold-law.com, Leopold-Kuvin, P.A., 2925 PGA Boulevard, Suite 200, Palm Beach Gardens, FL 33410; **Jori Bloom Naegele**: jbnaegele@gmail.com and **Robert D. Gary**: rdgary@gmail.com, Gary Naegele & Theado LLC 446 Broadway, Lorain, OH 44052, **Theodore J. Leopold**: tleopold@leopoldkuvin.com, Leopold Kuvin, PA, Suite 200, 2925 PGA Blvd., Palm Beach Gardens, FL 33410; **William C. Wright**: willwright@wrightlawoffice.com, Wright Law Office, Suite 3000, 301 Clematis St., West Palm Beach, FL 33401.

/s/ Thomas V. Ayala
Thomas V. Ayala