```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

GEORGE BRINCKU and BRENDA BRINCKU,

                Plaintiff,

vs.                        Case No.  2:11-cv-338-FtM-29DNF

NATIONAL GYPSUM COMPANY, a Delaware corporation

                Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Exclude Expert Reports and Testimony of Plaintiffs' Expert Witnesses David C. Straus and John Sam Sutton (Doc. #172) filed on March 16, 2012.  Plaintiffs filed a Response in Opposition (Doc. #189) on April 16, 2012.  On April 26, 2012, defendant filed its Reply Brief in Support (Doc. #207).  For the reasons set forth below, the motion is granted in part and taken under advisement in part.

**I.**

Defendant argues that Dr. Straus' new theory (that the cause of the corrosion in plaintiffs' home is sulfuric acid produced by sulfur oxidizing bacteria) was first raised at the end of his deposition on February 2, 2012 and/or disclosed in a revised report dated March 5, 2012.  This opinion should be excluded, defendant argues, because the disclosure was untimely and failed to comply with the Federal Rules of Civil Procedure and this Court's Case

Management and Scheduling Order. (Doc. #172, pp. 29-31.) Plaintiffs respond that the amended report is a timely disclosed supplement pursuant to Rule 26(e)(2) because the report was disclosed "at least 30 days before trial." (Doc. #189, p. 25.)

Rule 26(a)(2) requires parties to disclose written reports for all of their expert witnesses "at the times and in the sequence directed by the court," and requires that the reports must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Under Rule 26(e), the duty to supplement arises if (1) the party learns that in some material respect the disclosure is incomplete or incorrect, or (2) ordered by the court. "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The following factors guide the Court in determining whether to exclude evidence pursuant to Rule 37(c)(1): "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." <u>Vitola v. Paramount Automated Food Servs., Inc.</u>, No. 08-61849, 2009 WL 5067658 (S.D. Fla. Dec. 17, 2009)(citing <u>David v. Caterpillar, Inc.</u>, 324 F.3d 851, 857 (7th Cir. 2003)).

Here, the Court's Case Management and Scheduling Order required plaintiffs to disclose their expert reports on November 18, 2011. (Doc. #155.) On or about November 18th, plaintiffs submitted Dr. Straus' initial report to defendant in which Dr. Straus stated that sulfur reducing bacteria produce hydrogen sulfide "thus contributing to the observed corrosion in these houses." (Doc. #217-20.) However, during Dr. Straus' deposition on February 2, 2012, Dr. Straus informed defendant of a new theory, stating that the cause of the corrosion is sulfuric acid produced by sulfur oxidizing bacteria. (Doc. #178-11.) On March 8, 2012, plaintiffs provided defendant with Dr. Straus' revised report dated March 5, 2012, which included the sulfuric acid theory.

The Court finds that the revised report is not a supplement for purposes of Rule 26(e). "The Rule [26(e)] permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report." Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp., No. 05-80183-CIV, 2006 WL 5309506, at *2 (S.D. Fla. Oct. 18, 2006)(quoting Minebea Co., Ltd. v. Papst, 231 F.R.D. 3, 6 (D.D.C. 2005)). A revised report which includes a new theory or opinion is not proper supplementation under Rule 26(e). See, e.g., La Gorce Palace Condo. Assoc., Inc. v. QBE Ins. Corp., No. 10-20275-CIV, 2011 WL 1522564 (S.D. Fla. Apr. 12, 2011); Cochran v. Brinkmann Corp., No. 1:08-cv-1790-WSD, 2009 WL 4823858 (N.D. Ga. Dec. 9,

2009); Deutz Corp. v. City Light & Power, Inc., No. 1:05-cv-3113-GET, 2009 WL 2986415 (N.D. Ga. Mar. 21, 2009); Samuel v. Goodyear Tire and Rubber Co., No. 7:03-cv-3099-TMP, 2007 WL 4618475 (N.D. Ala. Feb. 14, 2007); Nelson v. Freightliner LLC, No. 5:01-cv-266-Oc-10GRJ, 2003 WL 25781423 (M.D. Fla. Apr. 23, 2003). Therefore, pursuant to Rule 26(a) and the Court's Case Management and Scheduling Order, the March 5, 2012 revised report was not timely because it was not made before the November 18, 2011 due date.

The Court also finds that plaintiffs' failure to timely submit the revised report is neither substantially justified nor harmless. Until Dr. Straus' deposition on February 2, 2012, plaintiffs' only proposed theory of liability alleged that defendant's defective drywall released hydrogen sulfide gas produced by sulfur reducing bacteria, which led to the corrosion in plaintiffs' home. (Doc. #109, ¶¶ 30, 35; Doc. #217-20.) Defendant justifiably prepared its case and disclosed experts to rebut the hydrogen sulfide theory.[1] The revised report was disclosed after discovery was closed and defendant has neither had an opportunity to rebut the new theory through cross-examination of the expert nor prepare a defense to

---

[1] Plaintiffs assert that defendant was put on notice of plaintiffs' sulfuric acid theory because plaintiffs produced a letter from Dr. Harold Larson and Professor Thomas W. Eager which stated that sulfuric acid was the cause of the corrosion in the Brincku home. (Doc. #189, p. 27.) Given that the Second Amended Complaint and the expert reports disclosed on November 22, 2011 focused solely on the hydrogen sulfide theory, the cited letter did not serve as adequate notice to defendant to prepare a defense to the sulfuric acid theory.

the new theory. Accordingly, the motion to exclude Dr. Straus' March 5, 2012 revised report on the basis of untimeliness is granted.

## II.

Defendant also argues that Dr. Straus' November 15, 2011 expert report and Mr. Sutton's November 16, 2011 expert report should be excluded pursuant to Federal Rule of Evidence 702. Plaintiffs have failed to address defendant's arguments as to the November reports in their Response in Opposition, seemingly because plaintiffs believed that Dr. Straus' March 5, 2012 expert report would not be excluded. Given that the motion to exclude may be dispositive to plaintiffs' case, the Court will allow plaintiffs to supplement their response to address the issues raised in defendant's motion. Plaintiffs shall file a response to defendant's motion as to the November reports by May 28, 2012. As such, the Final Pretrial Conference scheduled for May 21, 2012 is rescheduled to July 23, 2012 at 9:00 a.m and the trial term is continued until the August 6, 2012 trial calendar.

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Exclude Expert Reports and Testimony of Plaintiffs' Expert Witnesses David C. Straus and John Sam Sutton (Doc. #172) is **GRANTED IN PART AND TAKEN UNDER ADVISEMENT IN PART.** The motion is granted to the extent that Plaintiffs shall not be

permitted to use as evidence at the trial, at a hearing, or on a motion Dr. Straus' March 5, 2012 revised expert report or the new theory added in that report.

    2.   The motion is taken under advisement as to Dr. Straus' November 15, 2011 expert report and Mr. Sutton's November 16, 2011 expert report.  Plaintiffs shall file a response to defendant's motion as to the November reports by **May 28, 2012.**

    3.   The Final Pretrial Conference set for May 21, 2012 is rescheduled to **July 23, 2012 at 9:00 a.m.**  The trial term is continued **until the August 6, 2012 trial calendar**.

    **DONE AND ORDERED** at Fort Myers, Florida, this 15th day of May, 2012.

                                             _John E. Steele_
                                            JOHN E. STEELE
                                            United States District Judge

Copies:
Counsel of record