UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE BRINCKU and BRENDA BRINCKU,

    Plaintiff,

vs.    Case No. 2:11-cv-338-FtM-29DNF

NATIONAL GYPSUM COMPANY, a Delaware corporation

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant New NGC, Inc.'s Motion for Summary Judgment (Doc. #171) filed on March 16, 2012. Plaintiffs' Response In Opposition (Doc. #193) was filed on April 16, 2012, while defendant's Reply (Doc. #208) was filed on April 26, 2012.

There are also several pending motions related to the request for summary judgment which must first be resolved. Plaintiffs' Motion to Strike References and Exhibits Relating to Scientific Studies of Chinese Drywall on Summary Judgment Motion (Doc. #188) was filed on April 16, 2012. Defendant's Response in Opposition (Doc. #210) was filed on May 3, 2012. The Court will grant the motion in part. Only references and exhibits relating to American-made drywall, including National Gypsum drywall manufactured at the Apollo Beach, Florida plant, will be considered; the other references and exhibits will be stricken.

Defendant filed a Motion to Exclude Expert Reports and Testimony of Plaintiffs' Expert Witnesses David C. Straus and John Sam Sutton (Doc. #172) on March 16, 2012, to which plaintiffs filed a Response in Opposition (Doc. #189) on April 16, 2012. Additionally, a Reply (Doc. #207), a Supplemental Brief (Doc. #229), and a Reply to Plaintiffs' Supplemental Brief (Doc. #232) were also filed. This motion seeks to strike evidence relating to a new theory of liability proffered by various experts for plaintiffs. In an Opinion and Order (Doc. #222) filed on June 15, 2012, the Court precluded evidence of this new theory from Dr. Straus. The same rationale requires granting the motion to exclude to the extent the evidence relates to the new, untimely theory relating to "ST/Sulfuric Acid."

As the Joint Final Pretrial Statement (Doc. #214) establishes, plaintiffs now rely exclusively on the new theory of liability which the Court has precluded in its prior Opinion and Order. Plaintiffs' experts have abandoned the prior theory of liability, and there is no summary judgment evidence which would allow a reasonable jury to find liability on the basis of the prior theory. Accordingly, defendant National Gypsum Company is entitled to summary judgment in its favor.

Accordingly, it is now

1.  Defendant New NGC, Inc.'s Motion for Summary Judgment (Doc. #171) is **GRANTED** and judgment shall be entered in favor of National Gypsum Company and plaintiffs shall take nothing.

2.  Plaintiffs' Motion to Strike References and Exhibits Relating to Scientific Studies of Chinese Drywall on Summary Judgment Motion (Doc. #188) is **GRANTED IN PART**.  Only references and exhibits relating to American-made drywall, including National Gypsum drywall manufactured at the Apollo Beach, Florida plant, will be considered; the other references and exhibits will be stricken.

3. Defendant's Motion to Exclude Expert Reports and Testimony of Plaintiffs' Expert Witnesses David C. Straus and John Sam Sutton (Doc. #172) is **GRANTED.**

4.  The Clerk of the Court shall enter judgment in favor of National Gypsum Company and against plaintiffs, who shall take nothing.  The Clerk shall further terminate any pending motions and deadlines and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of July, 2012.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record