[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

2:11 cv 338-JES-SPC

No.   12-14492 -AA
Non-Argument Calendar

_____

D. C. Docket No.   2:11-cv-00338-JES-SPC

GEORGE BRINCKU,
individually and on behalf of all others similarly situated,
BRENDA BRINCKU,
individually and on behalf of all others similarly situated,

Plaintiffs-Appellants,

LYDIA GARCIA, etc., et al.,

Plaintiffs,

versus

NATIONAL GYPSUM COMPANY,
a Delaware Corporation,
BANNER SUPPLY COMPANY,
a Florida corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 9, 2013)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

The issues this appeal presents are framed by the parties thus:

By the Appellants

Did the district court impair Appellants' fundamental rights to due process of law under a Case Management Order and Rule 26(a)(2) of the Fed. R. Civ. P., in denying Appellants any opportunity to submit rebuttal expert reports of expert witnesses in addition to their initial expert reports, or to submit a revised expert report of one of their initial expert witnesses, resulting in depriving Appellants of an opportunity to rebut Appellee's expert opinion that the district court relied upon in granting Appellees' motion for summary judgment?

By the Appellee

Issue 1: Whether the district court abused its discretion by enforcing its case management orders and denying Plaintiffs' motion for leave to designate further expert witnesses in addition to the five that Plaintiffs had already identified, where the request was made after extensive discovery was completed and the parties' expert reports had been exchanged, and two months after the already extended deadline for expert disclosures had expired, and where Plaintiffs'

motion offered nothing more than speculation about whether the proposed new experts might develop testing results and opinions supportive of Plaintiffs' claims.

Issue 2:   Whether the district court abused its discretion in enforcing its case management orders by striking a new and untimely report from one of Plaintiffs' originally designated expert witnesses that was first served after the close of all discovery, after thirteen expert depositions and seven fact depositions were completed, roughly four months after the already extended deadline for expert disclosures expired, and just one week before the deadline for filing *Daubert* motions and motions for summary judgment, where the untimely report asserted a new causation theory not contained in any timely produced expert report, discovery response, Federal Rule of Civil Procedure 26 disclosure, or Complaint, and where the report containing the untimely opinion directly contradicted the expert's earlier sworn testimony.

Both sides correctly agree that the standard of review is whether the District Court abused its discretion in making the challenged rulings.   Having considered the parties' briefs, we are satisfied that no abuse of discretion has been shown.

AFFIRMED.